**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs.                                                                                    Case No.: 3:15-cr-16-J-34MCR

SYTERIA HEPHZIBAH
    a/k/a Highly Favored Shekinah El

_____

# O R D E R

**THIS CAUSE** is before the Court on Defendant's Affidavit of Fact: Petition for Judgment of Acquittal (Dkt. No. 155; Motion), as well as Defendant's Petition for Arresting Judgment (Dkt. No. 156; Petition), both filed on May 23, 2016. Following a two-day jury trial, on April 27, 2016, the jury returned a verdict finding Defendant, Syteria Hephzibah, a/k/a Highly Favored Shekinah El, guilty as to the single charge of the Indictment (Dkt. No. 8; Indictment). See Verdict Form (Dkt. No. 141; Verdict). Specifically, the jury found Defendant Hephzibah guilty of knowingly and willfully making a false statement in an application for a United States passport with the intent to induce and secure the issuance of a passport in violation of 18 U.S.C. § 1542. See Verdict. In the Motion, Defendant Hephzibah requests that the Court enter a judgment of acquittal pursuant to Rule 29(c) of the Federal Rules of Criminal Procedure (Rule(s)), see Motion at 1, while in the Petition she seeks an order arresting judgment pursuant to Rule 34, see Petition at 1.[1] The Government opposes both the Motion and the Petition, see United States' Response to

---

[1] Both Rule 29 and Rule 34 require a motion to be filed within 14 days of the verdict. Thus, the Motion and Petition are arguably untimely. However, because Defendant Hephzibah timely filed pro se motions, see Dkt. Nos. 144, 145, which the Court struck due to the fact that she was represented by counsel, see Dkt. No. 146, and has simply renewed those motions now that she is no longer represented, the Court treats the Motion and Petition as timely filed.

Defendant's Post-Trial Motions (Dkt. No. 162; Response), filed on June 7, 2016. Accordingly, the Motion and Petition are ripe for the Court's review.

**I.    Judgment of Acquittal**

Rule 29 provides the Court with authority, where appropriate, to enter a judgment of acquittal following a guilty verdict.  Rule 29(c)(2).  A motion for judgment of acquittal under Rule 29 "is a direct challenge to the sufficiency of the evidence presented against the defendant." United States v. Aibejeris, 28 F.3d 97, 98 (11th Cir. 1994); see also United States v. Ward, 197 F.3d 1076, 1079 (11th Cir. 1999) ("In considering a motion for the entry of judgment of acquittal under [Rule 29(c)], a district court should apply the same standard used in reviewing the sufficiency of the evidence to sustain a conviction.").  In ruling on a motion for judgment of acquittal, "a district court must 'determine whether, viewing all the evidence in the light most favorable to the Government and drawing all reasonable inferences and credibility choices in favor of the jury's verdict, a reasonable trier of fact could find that the evidence established guilt beyond a reasonable doubt.'" United States v. Grigsby, 111 F.3d 806, 833 (11th Cir. 1997) (quoting United States v. O'Keefe, 825 F.2d 314, 319 (11th Cir. 1987)).

> Title 18 U.S.C. § 1542 makes it a federal crime for any person to:
>
> willfully and knowingly make any false statement in an application for passport with intent to induce or secure the issuance of a passport under the authority of the United States, either for his own use or the use of another, contrary to the laws regulating the issuance of passports or the rules prescribed pursuant to such laws. . .

Tracking the applicable language of the statute, in the Indictment the Government charges that Defendant Hephzibah

>did willfully and knowingly make a false statement in an application for a passport that she submitted to the Putnam County Clerk of Courts office, which was a passport acceptance facility for the United States Department of State, with the intent to induce and secure the issuance of a passport under the authority of the United States for her own use, contrary to the laws regulating the issuance of passports and the rules prescribed pursuant to such laws, by completing the passport application with false and fraudulent information, that is, the false name of Highly Favored Shekinah El, knowing that this representation was false, and by presenting fraudulent documents in support of the application, that is a fraudulent identification card entitled "Diplomat - Nationality Identification Card" and a fraudulent name change document that falsely appears to have been issued by a United Nations organization.

Indictment at 1.

At the conclusion of the trial, the Court gave the jury the following instruction:

>The Defendant can be found guilty of this crime only if all the following facts are proved beyond a reasonable doubt:
>
>>(1)   the Defendant made a false statement in an application for a United States passport;
>>
>>(2)   the Defendant made the statement intending to get a United States passport for her own use; and
>>
>>(3)   the Defendant acted knowingly and willfully.
>
>A statement is false if it was untrue when made, and the person making it knows it is untrue.  As such, the crime is complete once a person has made a statement known to be untrue to procure a passport.

Court's Jury Instructions (Dkt. No. 140) at 8.  In addition, the Court instructed the jury that:

>The words "knowingly" and "willfully" as used in Title 18, United States Code, Section 1542, mean that an act was done voluntarily and deliberately, and not because of a mistake or by accident.

Id. at 10.

In the Motion, Defendant Hephzibah summarily argues that the evidence presented at trial was insufficient to sustain a conviction.  See Motion at 1.  Specifically, she contends

-3-

that the Government failed to present evidence of her "willfull and knowing intent beyond a reasonable doubt." Id. Beyond quoting Rule 29, she presents no further legal or factual argument in support of this contention. Indeed, she fails to address the evidence presented at trial in any manner. Instead, she dedicates the remainder of her Motion to religious arguments that provide no basis for the relief she seeks here. See generally Motion.

Turning to the evidence at trial, the Government presented evidence that Defendant Hephzibah completed an application for a United States passport in the name Highly Favored Shekinah El at the Putnam County Clerk of Court's office, a designated passport acceptance office for the United States Department of State, on August 17, 2010. (Gov't Trial Ex. 1). In doing so, Defendant Hephzibah presented a "Diplomat - Nationality Identification Card." (Gov't Trial Ex. 4). She also presented a document titled "United Washitaw de Dugdahmoundyah Mu'ur (Moor) National Application, Nobility Title/Name and Ancestral Reclaimation Declaration Affidavit. (Gov't Trial Ex. 6). To complete the application, Defendant Hephzibah signed her name under a declaration stating, "I declare under penalty of perjury . . . I have not knowingly and willfully made false statements or included false documents in support of this application. . . ." See Gov't Trial Ex. 1. The Government also presented evidence through the testimony of Special Agent Greg Brenneman that the documents Defendant Hephzibah presented to establish her name to be "Highly Favored Shekinah El" were fraudulent in that the documents were not what they purported to be and that Defendant Hephzibah's declaration was false in that the documents she presented were themselves false documents. Further, because Defendant Hephzibah sought the issuance of a passport in a different name, the law required her to

present a court order or decree, 22 C.F. R. § 51.25(c)(1), or "three or more public documents, including one government-issued identification with photograph and other acceptable public documents prescribed by the Department," 22 C.F.R. 51.25(c)(5).[2] Thus, a reasonable jury could conclude that Defendant Hephzibah presented the false documents knowingly and willfully, that is not by mistake or accident, and that she did so with the intent that the documents be accepted in support of her passport application in the name Highly Favored Shekinah El. Viewing the evidence presented by the Government in accordance with the dictates of Rule 29, a reasonable trier of fact could readily conclude that the Government proved each of the elements of a violation of § 1542 beyond a reasonable doubt. As such, the Motion is due to be denied.

## II. Arrest of Judgment

Rule 34 provides that "the court must arrest judgment if the court does not have jurisdiction of the charged offense." In the Petition, Defendant Hephzibah reasserts various previously rejected challenges to the Court's jurisdiction over her and raises new frivolous challenges to the Court's jurisdiction over her conduct. In this regard, her contention that a federal court in the State of Florida has no jurisdiction to adjudicate a charge that an individual within the Court's geographic jurisdiction committed an offense in violation of the laws of the United States - here 18 U.S.C. § 1542 - is plainly lacking in merit.

The United States Constitution empowers Congress to create inferior federal courts and to determine the jurisdiction of those courts. U.S. Const. art. III § 1. Pursuant to 28

---

[2] Because Defendant Hephzibah did not obtain a name change by naturalization, marriage, or operation of law, subsections 2-4 of § 51.25(c) are inapplicable under the facts of this case.

U.S.C. § 89, Congress divided the State of Florida into three federal judicial districts with Putnam County falling in the Middle District of Florida. Additionally, pursuant to 18 U.S.C. § 3231, Congress conferred jurisdiction of "all offenses against the laws of the United States" to the federal district courts. As such, this Court, the United States District Court, Middle District of Florida, has jurisdiction to adjudicate violations of laws of the United States alleged to have occurred in Putnam County, Florida.

Here, a grand jury empanelled in the Jacksonville Division of the United States District Court for the Middle District of Florida returned an Indictment charging Defendant Hephzibah with violating 18 U.S.C. § 1542 by making a false statement and presenting false documents in support of a passport application which she submitted in Putnam County, Florida, a county within the geographic jurisdiction of the Court. See Indictment; 18 U.S.C. § 89; Rule 1.02, Local Rules, United States District Court, Middle District of Florida (placing Putnam County within the Jacksonville Division of the United States District Court, Middle District of Florida). As such, Defendant Hephzibah was charged in the Middle District of Florida with violating a law of the United States, and the Court plainly has jurisdiction to adjudicate that charge. The Petition is therefore due to be denied.

In light of the foregoing, it is

**ORDERED**:

1. Defendant's Affidavit of Fact: Petition for Judgment of Acquittal (Dkt. No. 155) is **DENIED**.

2. Defendant's Petition for Arresting Judgment (Dkt. No. 156) is **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on this 10th day of March, 2017.

MARCIA MORALES HOWARD
United States District Judge

Copies to:
Counsel of Record
Pro Se Party