**UNITED STATES DISTRICT COURT**
**MIDDLE DISTRICT OF FLORIDA**
**JACKSONVILLE DIVISION**

UNITED STATES OF AMERICA

vs. Case No.: 3:15-cr-16-J-34MCR

SYTERIA HEPHZIBAH
a/k/a Highly Favored Shekinah El

---

**O R D E R**

**THIS CAUSE** is before the Court sua sponte. Upon review of the Court's docket in this action, the Court observes that Defendant Syteria Hephzibah, a/k/a Highly Favored Shekinah El, has filed a number of documents which she captions as having been filed in the "Supreme Court of the United States - via original passagio - United States District Court, Middle District of Florida." Those documents include:

1. Petition for Stay of Sentencing and Enforcement of Judgment Pending Appeal and Certiorari (Dkt. No. 198) filed on February 1, 2017;
2. Declaration and Petition for Common Law Abatement and Writ of Audita Querela (Dkt. No. 199) filed on February 1, 2017;
3. Declarant's Petition for Entry of Clerk's Default and Estoppel (Dkt. No. 203) filed on February 16, 2017;
4. Declarant's Petition for Entry of Clerk's Default (Dkt. No. 205) filed on February 28, 2017;
5. Petition for Expedited Ruling on Pending Petitions (Dkt. No. 207) filed on February 28, 2017; and

6. Addendum Declarant's Petition for Entry of Clerks Default (Dkt. No. 209) filed on March 6, 2017.

Defendant Hephzibah has also filed a number of Affidavits, Declarations, and Notices (Dkt. Nos. 195, 196, 200, 202, 204, 206, 210).[1] Although these documents do not appear seek relief from this Court, in an abundance of caution, the Court has reviewed them to determine if any of the documents present a meritorious argument or an argument not already addressed by the Court in these proceedings. Having done so, the Court finds that for the most part, in these filings, Defendant Hephzibah merely re-asserts non-meritorious challenges that the Court addressed either before trial, in ruling on her various pretrial motions, post-trial, or both. The Court will not revisit those arguments here.

In addition to recycling her previous arguments, Defendant Hephzibah seeks to pursue a writ of audita querela. See Dkt. Nos. 198, 199. A writ of audita querela is an extraordinary common law writ that may provide post-conviction remedies where relief is not cognizable under 28 U.S.C. § 2255. United States v. Holt, 417 F.3d 1172, 1175 (11th Cir. 2005). A federal court's authority to "recognize common law postconviction remedies pursuant to the All Writs Act, 28 U.S.C. § 1651, is governed by the Supreme Court's decision in United States v. Morgan." Holt, 417 F.3d at 1174 (citing United States v. Morgan, 346 U.S. 502 (1954)). The principle emerging from Morgan is that "federal courts may properly fill the interstices of the federal postconviction remedial framework through remedies available at common law." Holt, 417 F.3d at 1175 (citing United States v. Ayala,

[1] Certain of these documents purport to be filed in the "Supreme Court of the United States - via original passagio - United States Court of Appeals for the Eleventh Circuit and United States District Court for the Middle District of Florida."

894 F.2d 425, 428 (D.C. Cir. 1990)). However, a writ of audita querela is not available to raise claims that can be raised through other remedies such as a motion for judgment of acquittal or new trial or a motion seeking collateral relief pursuant to 28 U.S.C. § 2255. Vance v. United States, Nos. 7:14CV000354, 1:94CR00022, 2014 WL 3696096 (W.D. Va. July 23, 2014); Holt, 417 F.3d at 1175 (because post-conviction relief is cognizable under 28 U.S.C. § 2255, a federal prisoner may not use a writ of audita querela to mount a collateral attack). As such, to the extent Defendant Hephzibah seeks relief on the basis of a writ of audita querela, her requests are due to be denied.

To the extent Defendant Hephzibah seeks entry of a clerk's default (Dkt. Nos. 203, 205, 209), she is entitled to no such relief in this criminal proceeding. And to the extent she seeks any expedited ruling (Dkt. No. 207) by this Court on her various motions, her request will be denied as moot because the Court has addressed all of her motions at this time.

The Court notes that on March 6, 2017, Defendant Hephzibah filed a Notice of Appeal (Dkt. No. 212), in which she purports to appeal rulings on motions that, as of the date of her filing, the Court had not yet made. Regardless of what other effect this premature notice of appeal may have, it does not divest this Court of jurisdiction to proceed with and complete Defendant Hephzibah's sentencing as scheduled on Monday, March 13, 2017. See United States v. Hitchmon, 602 F.2d 689, 694 (5th Cir. 1979)[2] (en banc) (holding that a prematurely filed notice of appeal does not have an effect on the district court's jurisdiction), superseded by statute on other grounds as recognized in United States

[2] In Bonner v. City of Prichard, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

v. Martinez, 763 F.2d 1297, 1308, n. 11 (11th Cir. 1985). As such, the Court will proceed with the sentencing hearing at 3:30 p.m. on Monday, March 13, 2017.

**ORDERED**:

Defendant Hephzibah's Motions (Dkt. Nos. 198, 199, 203, 205, 207, 209) are **DENIED**.

**DONE AND ORDERED** at Jacksonville, Florida on this 10th day of March, 2017.

**MARCIA MORALES HOWARD**
United States District Judge

Copies to:
Counsel of Record
Pro Se Party